UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ONINYE JIDEANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  23-3278 (UNA) |
| | ) | |
| ROBERT R. RIGSBY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Oninye Jideani's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court will GRANT the application and, for the reasons discussed below, DISMISS the complaint and this civil action without prejudice.

According to the complaint, on May 9, 2022, Plaintiff filed a civil action against Hilton Worldwide Holdings, Inc. in the Superior Court of the District of Columbia alleging violations of the D.C. Human Rights Act.  *See* Compl. at 6-8.  Plaintiff alleges that the Clerk of Court "unlawfully misclassified the May 09, 2022 Unlawful Discriminatory Practice suit . . . as one for a Declaratory Judgment claim suit," thereby "unlawfully denying its legal and jurisdictional substantial merits."  *Id*. at 5 (emphasis omitted).  Defendant, the judge to whom the case was assigned, allegedly "deprived [Plaintiff] of [her] civil rights, privileges, and/or immunities secured by the Constitution and laws" by "infring[ing] on [Plaintiff's] substantive rights" and "subject[ing her] to willful misconduct."  Compl. at 3.  Plaintiff's principal complaint is that Defendant "dismissed the . . . action . . . during the first and only hearing held on October 21, 2022," thereby allegedly "engag[ing] in unlawful and unjudicial conduct."  *Id.* at 5.  As

compensation for Defendant's having violated Plaintiff's rights "in the capacity of his judicial position at the District of Columbia Superior Court," *id*. at 9, Plaintiff demands an award of $15 million under 42 U.S.C. § 1983, *id*., and that criminal charges be brought against Defendant pursuant to 18 U.S.C. § 242, *id*.[1]

The Court cannot grant Plaintiff the relief she seeks for several reasons. First, Defendant enjoys absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967). Here, even accepting the complaint's allegations as true, Defendant was acting in his judicial capacity when he issued, or declined to issue, the rulings Plaintiff deems objectionable—indeed, Plaintiff states multiple times that the alleged misconduct occurred "in the capacity of [Defendant's] judicial position." Compl. at 3, 9. Absolute judicial immunity therefore protects him from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). To the extent Plaintiff seeks relief based on the action of other court officials, this immunity extends to court staff who perform tasks integral to the judicial process. *See Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity extends to other officers of government whose duties are related to the judicial process." (cleaned up)).

---

[1] Plaintiff's complaint also alleges misconduct or erroneous decisionmaking by the District of Columbia Court of Appeals during an appeal of Defendant's decision, *see* Compl. at 5-6, though it does not name any of that court's members as defendants. To the extent Plaintiff seeks to bring claims against the judges of the Court of Appeals, those claims would fail for the same reasons as the claims against Defendant.

Second, Plaintiff is no more successful in demanding that criminal charges be brought against Defendant because there is no private right of action under 18 U.S.C. § 242, *see, e.g., McCray v. Holder*, 391 F. App'x 887 (D.C. Cir. 2010) (per curiam) (concluding that "district court correctly held that there is no private right of action under 18 U.S.C. §§ 241 and 242"); *Rockefeller v. U.S. Ct. of Appeals Off.*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("[T]he plaintiff is precluded from asserting any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action."), and Plaintiff cannot compel a criminal prosecution, *see United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"); *cf. Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

Finally, to the extent Plaintiff asks this Court to review the underlying District of Columbia court decisions to which she objects, her claims are barred by the *Rooker-Feldman* doctrine.  *See, e.g.*, *Singletary v. District of Columbia*, 766 F.3d 66, 71 (D.C. Cir. 2014).

The Court will therefore dismiss Plaintiff's complaint and this civil action without prejudice.  An appropriate Order will issue separately.

DATE: November 9, 2023                                    ANA C. REYES
                                                          United States District Judge